SHERMAN (WILSON v.). See Case No. 17,833

SHERMAN (WOODWORTH v.). See Case No. 18,019.

---

## Case No. 12,771.

SHERRARD v. LAFAYETTE COUNTY.

[3 Dill. 236;[1] 2 Cent. Law J. 347.]

Circuit Court. W. D. Missouri. April 27, 1875.

COUNTIES — BONDS — LEGISLATIVE AUTHORITY TO ISSUE—BONA FIDE HOLDER.

The bonds in suit held void in the hands of a bona fide holder, for want of legislative authority to issue them

[Cited in Merriwether v. Saline Co., Case No. 9,485.]

This case came on for trial upon the declaration, answer and reply thereto, and upon the facts as admitted by the pleadings, and as stipulated by the parties.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

The case being thus submitted, the court specially found the facts to be as follows, to wit:

1. The plaintiff's action is on bonds and coupons amounting to $2,640 and interest thereon; these bonds were issued and delivered by the defendant to the Louisiana & Missouri River Railroad Company, to pay the subscription of defendant to the capital stock of said railroad; said bonds are dated June 9, 1869, and were executed and delivered about the date last named, and are of the following tenor, to-wit: "No. 5. State of Missouri. $200. Lafayette county bonds. Five years after date the county of Lafayette promises to pay to the Louisiana & Missouri River Railroad Company, or bearer, the sum of two hundred dollars, with interest thereon from date hereof, at the rate of ten per cent per annum, which interest shall be payable annually on the presentation and delivery at the office of the treasurer of said county, of the coupons of interest attached. This bond being issued under and pursuant to an order of the county court of Lafayette county, and by authority of an act of the general assembly of the state of Missouri, incorporating the Louisiana & Missouri River Railroad Company, and authorizing the county courts of counties through which said road passed to subscribe to the capital stock of said railroad company, and to issue bonds of such counties in payment of such subscription, approved March 9, 1859, and an amendatory act thereto, approved March 14, 1868. In testimony whereof, the said county of Lafayette has executed this bond by the presiding justice of the county court of said county, under the order thereof, signing his name hereto, and by the clerk of said court, under order thereof, attesting the same and affixing hereto the seal of the court; this done at the city of Lexington, county of Lafayette, aforesaid, the 9th day of June, 1869. Ninian W. Lattvie, Presiding Justice of the County Court of Lafayette County. Attest: Wm. Hixon, Clerk of the County Court of Lafayette County, Mo."

2. Said bonds were issued pursuant to an order of the county court of Lafayette county,' and by authority of an act of the legislature of Missouri, entitled "An act to incorporate the Louisiana & Missouri River Railroad Company," approved March 10, 1859,[2] and by authority of an amendment thereto, entitled "An act to amend an act entitled 'An act to incorporate the Louisiana & Missouri River Railroad Company' by increasing the amount of the capital stock of said company, defining more explicitly the power of the board of directors, to fix the western terminus of said road, authorizing the location and construction of a branch road, and conferring upon said board the necessary powers to carry into effect the several objects contemplated by this charter, and also by striking out sections 11, 18, 27, 30 and 31 of said act," approved March 24, 1868.

3. The plaintiff [Joseph L. Sherrard] is a citizen of West Virginia, and he bought the bonds and coupons in suit for a valuable consideration before due, and is an innocent holder of the same for value without notice or knowledge of any irregularity in the subscription or issue of said bonds, except as may appear upon their face and such as he was bound in law to take notice of, and is now the owner and bearer of the same, and that defendant at different times for several years paid the interest on these bonds as they fell due.

4. By the original charter of the company, to-wit, the act of March 10, 1859, recited in the bonds in suit, the line or route of said company is confined to the north side of the Missouri river, and by the said original charter the said company could in no event locate its line or route or any part of the same in any county south of the Missouri river, and the right of counties to subscribe to the stock of said company by said original charter is expressly confined to those counties in which a part of the route of said railroad might pass or be located.

5. The defendant county is, and since its organization always has been south of the Missouri river and not within the limits of the original charter of said railroad company, of March 10, 1859. State v. Saline Co. Court, 51 Mo. 350; State v. Callaway Co. Court, 1d. 395.

6. The railroad of said company, although surveyed in the defendant county, was never constructed therein or south of the Missouri river, under the original charter or under the amendatory act of March 24, 1868, recited in the bonds in suit, but of this fact the plaintiff had no knowledge when he purchased the bonds.

7. The bonds were issued without the question of their issue ever being submitted to the voters of the people of the defendant county as required by section 14, of article 11, of the constitution of the state, which went into effect July 4, 1865, and no such election was held and no attempt to hold such an election was made.

Ewing & Smith, for plaintiff.
Rathburn & Graves, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

---

[2] [From 2 Cent. Law J. 347:] The act of March 10, 1859, contains the following provisions: Section 35: "Said company shall have power to mark out, locate and construct a railroad from the city of Louisiana, in the County of Pike, by way of Bowling Green, in said county, to some suitable point on the North Missouri Railroad, intersecting said road between the southern limits of the town of Wellsburg, in Montgomery county, and the northern limits of the town of Mexico, in Audrain County; thence to the Missouri river to the most eligible point on a line the most suitable and advantageous." Section 29: "It shall be lawful for the county court of any county in which any part of the route of said railroad may be, to subscribe to the stock of said company," etc.

DILLON. Circuit Judge. The defendant county is south of the Missouri river and not within the limits of the original charter of the railroad company, and under the constitution of the state (article 11, § 14) [3] and the decisions of the supreme court of the state referred to in the statement of the case, we are of opinion that the county had no legislative authority to issue the bonds.[4]

Judgment for defendant.

[3] [From 2 Cent. Law J. 347:] Section 14 is as follows: "The general assembly shall not authorize any county, city or town to become a stockholder in. or to loan its credit to any company, association or corporation, unless two-thirds of the qualified voters of such county, city or town, at a regular or special election to be held therein, shall assent thereto."

[4] [From 2 Cent. Law J. 347:] Several payments of interest have been made on these bonds from funds derived from taxation, but this can make no difference. In Citizens Sav. & L. Ass'n v. Topeka [20 Wall. (87 U. S.) 655], the supreme court of the United States decides that want of power cannot thus be cured. Such corporations may, by their acts, become estopped from defenses based on irregularities of their officers, but want of power is an inherent defect not subject to estoppel in this manner.

